UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE A. HALLEY, | Case No. SA CV 14-1527-PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance Benefits. She claims that the Administrative Law Judge ("ALJ") erred when she rejected without explanation the medical expert's opinion that Plaintiff would be restricted to "occasional neck motion." (Joint Stip. at 1-9.) For the following reasons, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

Plaintiff suffers from degenerative disc disease in her neck. (Administrative Record ("AR") 48.) According to the medical expert, as a result, she has to avoid "extremes of motion" with her head and is limited to only "occasional neck motion. (AR 52.) According to

the vocational expert, if Plaintiff is limited to only occasional neck motion, she cannot work.  (AR 81.)

The ALJ gave "significant weight" to the medical expert's opinion and adopted his limitations practically verbatim, with the exception of the limitation on occasional neck motion.  (AR 25, 29, 51-52.)  Plaintiff contends that this departure amounts to a rejection of the medical expert's opinion on that issue and complains that the ALJ failed to explain why she deviated.  Plaintiff emphasizes that the ALJ's decision not to adopt this limitation was dispositive because, had the ALJ accepted the medical expert's opinion that Plaintiff was restricted to only occasional neck motion, she would have had to conclude that Plaintiff was disabled.  Plaintiff argues that, due to the significance of the departure, the ALJ had an obligation to explain why.

The Agency disagrees.  It notes that the residual functional capacity finding is a disability determination reserved for the ALJ, not a medical decision for the doctors.  (Joint Stip. at 10.)  It argues that, as such, the ALJ was not required to explain why she failed to adopt the medical expert's view.  Alternatively, it claims that the ALJ explained her departure when she addressed two other doctors' findings concerning repetitive cervical spine movements.

The Court sides with Plaintiff.  The ALJ adopted the medical expert's opinion in formulating the residual functional capacity with the exception of the medical expert's restriction on neck movements.  (AR 29.)  The ALJ never explained why she omitted this limitation.  Where, as here, the omission is dispositive, she had an obligation to explain the basis for her finding.  *See*, *e.g.*, *Van Sickle v. Astrue*, 385 Fed. App'x 739, 741 (9th Cir. 2010) (concluding ALJ committed

1 error by finding consultative medical opinions "highly probative" but
2 failing to include limitations contained in those opinions in residual
3 functional capacity determination or to explain why he rejected them)
4 (citing *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006)).  On
5 remand, the ALJ should take another look at this issue and explain the
6 basis for the head and neck limitations.
7     IT IS SO ORDERED.
8     DATED: February 12, 2016.

10 PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-Social Security\HALLEY, L 1527\Memorandum Opinion and Order.wpd